IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OWL INTERNATIONAL, INC., | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 2:26-cv-08095-JS |
| v. | : | |
| | : | |
| TRAVIS DARDEN, | : | |
| Defendant. | : | |

REC'D OCT 27 2026

## DEFENDANT'S MOTION FOR CONTINUANCE OF HEARING ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

Defendant Travis Darden, appearing pro se, respectfully moves this Honorable Court for a continuance of the hearing scheduled for October 27, 2026 on Plaintiff's Motion for Temporary Restraining Order (ECF 5), for a period of twenty-one (21) days, so that Defendant may retain and be represented by litigation counsel. In support, Defendant states:

1. Plaintiff filed its Verified Complaint and Motion for Temporary Restraining Order on October 22, 2026.

2. Defendant was personally served on Friday, October 24, 2026 — three days before this hearing.

3. Defendant's prior counsel withdrew from all representation on October 23, 2026, and did not enter an appearance in this action. Defendant is therefore presently without counsel in this matter.

4. Defendant is actively working to retain litigation counsel and has already engaged counsel with respect to related claims. Given the seriousness of this matter and the relief Plaintiff seeks, Defendant cannot be fairly heard without the assistance of counsel.

5. There is no genuine emergency requiring this hearing to proceed today. The Memorex flash drive that is the subject of Plaintiff's Motion was voluntarily delivered by Defendant to Plaintiff's own forensic vendor, Cornerstone Discovery, on October 26, 2026, with documented chain of custody. A true and correct copy of the chain-of-custody record is

attached as Exhibit A.

6. Moreover, Plaintiff has been aware of the facts underlying its Motion since at least July 2026, when the company-issued laptop was delivered to Cornerstone Discovery for forensic examination. Plaintiff waited approximately three months before seeking emergency relief.

7. A brief continuance will not prejudice Plaintiff. Defendant will preserve all devices, data, accounts, and documents in their present condition pending the continued hearing and will not alter, delete, or destroy any potentially relevant material.

8. This Motion is made in good faith and not for purposes of delay, but solely so that Defendant may obtain counsel and be properly represented.

WHEREFORE, Defendant respectfully requests that this Court continue the hearing on Plaintiff's Motion for Temporary Restraining Order for twenty-one (21) days, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

Travis Darden, Defendant pro se
2618 Federal Street, Unit 1
Philadelphia, PA 19146
Dated: October 27, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OWL INTERNATIONAL, INC., | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 2:26-cv-08095-JS |
| v. | : | |
| | : | |
| TRAVIS DARDEN, | : | |
| Defendant. | : | |

## VERIFICATION

I, Travis Darden, declare under penalty of perjury under the laws of the United States that the facts set forth in the foregoing Motion for Continuance are true and correct to the best of my knowledge, information, and belief.

Travis Darden
Dated: October 27, 2026

## CERTIFICATE OF SERVICE

I, Travis Darden, hereby certify that on October 27, 2026, I caused a true and correct copy of the foregoing Motion for Continuance, Verification, Exhibit A, and Proposed Order to be served upon counsel for Plaintiff by hand delivery at the hearing and/or by email to:

Robert W. Hayes, Esquire
Jeffrey I. Pasek, Esquire
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
rhayes@cozen.com I jpasek@cozen.com
Attorneys for Plaintiff

Travis Darden, Defendant pro se

Dated: October 27, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OWL INTERNATIONAL, INC., | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 2:26-cv-08095-JS |
| v. | : | |
| | : | |
| TRAVIS DARDEN, | : | |
| Defendant. | : | |

**[PROPOSED] ORDER**

AND NOW, this _____ day of __________________, 2026, upon consideration of Defendant's Motion for Continuance of the hearing on Plaintiff's Motion for Temporary Restraining Order, it is hereby ORDERED that the Motion is GRANTED. The hearing on Plaintiff's Motion for Temporary Restraining Order (ECF 5) is continued to ____________________, 2026, at _______ __.m., so that Defendant may obtain and be represented by counsel. Pending the continued hearing, Defendant shall preserve all devices, data, accounts, and documents in their present condition.

BY THE COURT:

________________________________
Juan R. Sánchez, J.

KLAPROTH LAW

October 23, 2026

*By Email*
**Privileged & Confidential – Attorney-Client Communication**

Mr. Travis Darden
2618 Federal Street, Unit 1
Philadelphia, PA 19146
travisd@tntfacilities-maintenance.com

**Re: Owl International, Inc. v. Darden (E.D. Pa.); Termination of Representation**

Dear Travis:

As we discussed by telephone this morning, I write to confirm that Klaproth Law PLLC will not represent you in the lawsuit that Owl International, Inc. d/b/a Global, a 1st Flagship Company ("Global"), has brought against you in the United States District Court for the Eastern District of Pennsylvania (the "Federal Action"), and that I am withdrawing from all other representation of you, effective today. This letter explains what that means, identifies deadlines that you and your new counsel must address immediately, and confirms the steps I will take to assist with the transition.

**1. The Federal Action**

Our Representation and Fee Agreement limits my firm's representation to evaluating and pursuing claims arising from your employment with Global. It does not include defending claims brought against you. I have not entered an appearance in the Federal Action, I will not do so, and I am not authorized to accept service of process on your behalf.

The only step I have taken with respect to the Federal Action is to confirm, at your direction, the terms on which you will deliver the Memorex flash drive (SN 900052662C513432) to Cornerstone Discovery at the pickup scheduled for Monday, October 26, 2026:

(a) Cornerstone will make a verified forensic image of the drive before any examination, and the image and the original device will be preserved;

(b) chain of custody will be documented, and a written receipt will be provided; and

(c) the delivery is made without any admission and without waiver of any claim, defense, or privilege, including your rights to your personal and compensation records.

Please deliver the drive as agreed and exactly as it is, without connecting it to any device or altering it in any way. I am informing Global's counsel that my engagement does not extend to the Federal Action and that your litigation counsel will contact them about all remaining issues, including Global's request to forensically examine your other devices.

You must retain litigation counsel immediately. Global's Motion for Temporary Restraining Order, Preliminary Injunction and/or Writ of Seizure remains pending, and Global may ask the Court to schedule a hearing on short notice. Your answer or other response to the Verified Complaint will be due 21 days after you are served, or 60 days after Global's request if you agree to waive formal service. If you receive any court papers, give them to your new counsel the same day.

**2. Withdrawal from All Other Representation**

I am also withdrawing, effective today, from representing you with respect to any claims you may have against Global, including potential claims under the Family and Medical Leave Act, the anti-retaliation provision of the False Claims Act, 41 U.S.C. § 4712, and federal and state anti-discrimination laws, as well as any qui tam action. This decision reflects my professional judgment about the representation going forward. Because your potential claims are now closely connected to the Federal Action and may need to be asserted as counterclaims there, I strongly recommend that you retain one firm to handle both.

**3. Deadlines**

The deadlines below are calculated from your termination date of May 7, 2026. They are my best calculation; your new counsel must independently confirm each of them, and claims based on earlier events may have earlier deadlines that have already run or will run sooner.

(a) **Pennsylvania Human Relations Act:** A charge must be filed with the Pennsylvania Human Relations Commission within 180 days, which is **no later than Tuesday, November 3, 2026**. A charge filed with the EEOC within that period is generally cross-filed with the PHRC, but your new counsel should confirm this. If you have not retained counsel by October 30, 2026, you can file a charge yourself through the EEOC Public Portal (publicportal.eeoc.gov).

(b) **Title VII (EEOC):** A charge must be filed with the EEOC within 300 days, which is no later than March 3, 2027.

(c) **Family and Medical Leave Act:** Suit must be filed within two years of the violation (May 7, 2028), or three years if the violation was willful (May 7, 2029).

(d) **False Claims Act retaliation, 31 U.S.C. § 3730(h):** Suit must be filed within three years of the retaliation (May 7, 2029).

(e) **41 U.S.C. § 4712:** A complaint must be filed with the Inspector General of the relevant agency within three years of the reprisal (May 7, 2029).

(f) **42 U.S.C. § 1981:** Generally four years.

(g) **Qui tam:** As I advised in my October 21, 2026 email, the first-to-file rule bars a later qui tam action based on the same facts as a pending one, and in my view you do not have a viable qui tam claim as relator based on the information you have provided. If you want a second opinion, you should obtain one promptly.

**4. Preservation of Evidence**

You remain obligated to preserve all evidence relevant to the Federal Action and to your claims. Do not delete, alter, reset, wipe, replace, or discard any computer, phone, storage device, email or cloud account, text message, or document that may be relevant, including any computer to which the Memorex drive was connected, whether or not it belongs to you. Do not ask or encourage anyone else to delete or alter anything. The loss of evidence now could result in serious sanctions against you.

**5. Communications and Statements**

Until you have new counsel, do not discuss the facts of this matter with Global, its counsel, Cornerstone Discovery, or potential witnesses, other than to coordinate Monday's delivery of the drive. Do not make any written or sworn statement about the drive, your devices, or the events described in the Verified Complaint without counsel. Because Global has stated that it reported this matter to the Navy, you should discuss with your new counsel whether any statement you give could have consequences beyond this lawsuit before you give it.

**6. My Assessment of Your Claims**

So that you and your new counsel have my assessment: in my view, Global's forensic evidence concerning the March 13 and 17, 2026 transfers to the Memorex drive will significantly affect the value of your employment claims. Under the after-acquired evidence doctrine, McKennon v. Nashville Banner Publishing Co., 513 U.S. 352 (1995), if Global proves it would have terminated you for that conduct alone, reinstatement and front pay would likely be unavailable and back pay could be limited to the period before Global discovered the conduct. Income from your businesses would also likely offset back pay, and Global will argue that its investigation began before your leave. These issues do not necessarily defeat your claims, but they bear directly on their value, and the settlement position taken in September should be reevaluated with your new counsel.

**7. Your File**

Consistent with our agreement, I will provide a complete electronic copy of your file to you or your new counsel on request. The file contains documents originating from Global that you provided to me, some of which may be subject to Global's claims or may contain controlled unclassified information. I will preserve the file and will not destroy any part of it, and I recommend that it be transferred directly to your new counsel. My firm will retain a copy as required by the applicable rules.

**8. Fees and Expenses**

Klaproth Law will not seek any fee, lien, or reimbursement of expenses from you for its work on these matters.

**9. New Counsel**

I recommend that you contact the following lawyers promptly:

(a) Trade secret defense: Steve Harvey Law

(b) Employment claims: Console Law

You may also contact the Philadelphia Bar Association's Lawyer Referral and Information Service. Once you retain new counsel, please ask them to contact me, and I will speak with them to help make the transition as smooth as possible.

I regret that we will not be continuing together, and I wish you the best in resolving these matters. Please contact me if you have any questions about the transition.

Sincerely,

Jesse Klaproth

# CHAIN OF CUSTODY / EVIDENCE TRANSFER RECORD

Prepared by Travis Darden to document transfer of device to Cornerstone Discovery

## 1. Device / Item Transferred

| | |
|---|---|
| **Item:** | Memorex USB flash drive |
| **Serial Number:** | SN 900052662C513432 |
| **Condition at transfer:** | **Excellent** |
| **Not connected/accessed/altered before transfer:** | Confirmed: **YES** / NO (circled) |

## 2. Transfer Details

| | |
|---|---|
| **Date / Time:** | **October 26, 2026 at 10:00 AM** |
| **Location:** | **2618 Federal St., Unit 1, Philadelphia, PA 19146** |
| **Transferred by:** | Travis Darden |
| **Received by (name):** | ______ |
| **Receiving company:** | Cornerstone Discovery |
| **Receiver title / role:** | ______ |
| **Receiver ID shown?** | YES / NO (circled) Type/ID: ______ |

## 3. Terms of Transfer (per written agreement)

Delivered to Cornerstone Discovery for forensic imaging and examination pursuant to the parties' written agreement: (a) a verified forensic image with hash values will be made before any examination, and the image and original device preserved; (b) chain of custody documented and a written receipt provided; and (c) delivery is made **without any admission** of any allegation and **without waiver of any claim, defense, or privilege**, including Mr. Darden's rights to his personal and compensation records. Mr. Darden has not connected, accessed, copied, or altered the device in connection with this transfer.

## 4. Signatures

**Released by:** [signature]

Travis Darden

Date: Oct 26, 2026 Time: 10:00 AM

**Received by:** [signature]

Signature (Cornerstone representative)

Printed name: LEO MENZ

Date: 10/26 Time: 945

If the receiving representative declines to sign, note here: ______

## 5. Witness (optional)

Witness signature: [signature] Printed name: Rushard Lee

Notes: Photograph the device (serial number visible) and this completed form before and after transfer. Also request Cornerstone's own written receipt. Prepared by Travis Darden as a contemporaneous record of the transfer.

**CORNERSTONE DISCOVERY**

REVOLUTIONIZE YOUR CASE

4775 League Island Boulevard | Philadelphia, PA 19112
(P) 267.639.6900 | www.cornerstonediscovery.com

## Property Record & Chain of Custody

| Case ID# | Case Caption |
|---|---|
| 26-358 | Global A 1st Flagship Company |

| Items: | Serial Number |
|---|---|
| 1. Memorex USB Flash Drive 256 GB | |
| 2. USB. 3.1 | |
| 3. | |

| Notes (passcode, instructions, condition, description, etc.) | Additional Items (cables, chargers, etc.) |
|---|---|
| | |

| Date | Location |
|---|---|
| 10/26/2026 | 2618 Federal St., Apt. 1, Philadelphia 19146 |
| Released By (print) Travis Darden | Released By (sign) X [signature] |
| Received By (print) Leo Menz | Received By (sign) X [signature] |
| Notes | |

| Date | Location |
|---|---|
| | |
| Released By (print) | Released By (sign) X |
| Received By (print) | Received By (sign) X |
| Notes | |